1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SHARI LUCEY,

                              Plaintiff,

     v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                              Defendant.

Case No. 2:15-cv-01476-LDG-PAL

**ORDER**
(Proof of Service – Dkt. #5)

12    This matter is before the Court on Plaintiff Shari Lucey's Proof of Service (Dkt. #5), filed

13  March 1, 2016.  The Proof of Service is referred to the undersigned pursuant to 28 U.S.C.

14  § 636(b)(1)(A) and LR IB 1-3 and 1-9 of the Local Rules of Practice.

15    Ms. Lucey is proceeding in this action *pro se*, meaning without an attorney.  *See* LSR 2-

16  1.  On August 3, 2015, she commenced this action by filing her Complaint (Dkt. #1) and

17  submitting the filing fee of four hundred dollars ($400.00).  *See* Receipt (Dkt. #1-4).  Summons

18  were issued to the United States Attorney for the District of Nevada, the Attorney General of the

19  United States, and the Commissioner of the Social Security Administration, Defendant Carolyn

20  W. Colvin.  *See* Summons (Dkt. #2).  On February 4, 2016, the Clerk of the Court issued a

21  Notice of Intent to Dismiss Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure

22  (Dkt. #4).  Ms. Lucey subsequently filed a copy of a certified mail receipt, dated August 3, 2015,

23  delivering a package to the Attorney General's Washington D.C. office.  *See* Proof of Service

24  (Dkt. #5).  No proof of service was filed for the United States Attorney or the Social Security

25  Administration.

26    Rule 4 of the Federal Rules of Civil Procedure governs service of process.  "Service of

27  process" is a formal delivery of documents that is legally sufficient to charge the defendant with

28  notice of a pending action.  *R. Griggs Group Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1103 (D.

1

Nev. 1996) (citation omitted); *see also* Charles A. Wright & Arthur R. Miller, 4A *Federal Practice & Procedure*, *Civil* § 1094 (4th ed. 2015) (service is intended to give the defendant notice of the proceedings). Federal courts lack personal jurisdiction over a defendant unless the defendant has been properly served in accordance with Rule 4. *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013). Thus, strict compliance with the rules governing manner of service is required. *See*, *e.g.*, *Murphy Bros.*, *Inc. v. Michetti Pipe Stringing*, *Inc* ., 526 U.S. 344, 347 (1999) ("An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."); *Crowley*, 734 F.3d 967, 975 (noting that without substantial compliance with Rule 4, "neither actual notice, nor simply naming the defendant in the complaint will provide personal jurisdiction").

In a civil action appealing a final decision of the Social Security Administration, Rule 4 requires service upon three entities: (i) the United States Attorney for the district where the action is brought (*i.e.* the District of Nevada), (ii) the Attorney General of the United States at Washington, D.C., and (iii) the Social Security Administration. *See* Fed. R. Civ. P. 4(i). The Attorney General and the Social Security Administration may be served with a copy of the summons and complaint by registered or certified mail. *See* Fed. R. Civ. P. 4(i)(1)(B) & (C). However, when the Commissioner of the Social Security Administration is sued, *process must be personally served upon the Commissioner* through the United States Attorney. *See* Fed. R. Civ. P. 4(i)(3) & 4(e) (requiring plaintiffs to personally serve summons and complaint on an individual). The federal government, including its officers and agencies, cannot waive service of process because "its mail receiving facilities are inadequate to assure that the notice is actually received by the correct person in the Department of Justice." *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010) (quoting Rule 4, advisory committee's note, 1993 Amendments).

After reviewing Ms. Lucey's Proof of Service (Dkt. #5), the Court finds that she has yet to properly complete service of process in the case. Although it appears that the Attorney General has been served at the correct address, there is no indication in the record that plaintiff

has properly served the United States Attorney for the District of Nevada or the Social Security Administration.

Rule 4(m) generally requires that a defendant be served within 90 days after the complaint is filed.[1]   However, Rule 4(i)(4) provides a "cure provision" applicable to this situation.  *See* Fed. R. Civ. P. 4(i)(4) ("The court must allow a party a reasonable time to cure its failure" to effect service if the party has served either the United States Attorney or the Attorney General).  Thus, the Court will retroactively extend the service deadline to April 29, 2016, to allow Ms. Lucey to properly complete service of process or file additional proof of service for the United States Attorney for the District of Nevada and the Social Security Administration.  Ms. Lucey is warned that her failure to lawfully complete service by the April 28, 2016 deadline will result in a recommendation to the district judge that the case be dismissed.  *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).

Accordingly,

**IT IS ORDERED:**

1. The Clerk of Court shall deliver a copy of the Summons to the United States Attorney for the District of Nevada and Complaint to the U.S. Marshal for service.

2. **No later than April 29, 2016**, Plaintiff Shari Lucey shall either:

    a. file proof of service for the Social Security Administration with the Court; or

    b. complete service upon the Social Security Administration by sending a copy of the Summons and Complaint by certified mail to:

    Office of Regional Chief Counsel, Region IX
    Social Security Administration
    160 Spear Street, Suite 899
    San Francisco, California 94105-1545.

    c. If Plaintiff serves the Social Security Administration by certified mail in accordance with this Order, she shall file proof of such service with the Court by **April 29, 2016**.

---

[1]  At the time Ms. Lucey filed her Complaint on August 3, 2015, Rule 4(m) allowed 120 days for service. The rule was amended in December 2015 to reduce the time for service to 90 days.

3.  Ms. Lucey's failure to comply with this Order by submitting proof of service by the **April 29, 2016** deadline will result in a recommendation to the district judge that this case be dismissed.

4.  Following the Commissioner's filing of an answer, the Court will issue a scheduling order setting a briefing schedule.

5.  From this point forward, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion, or other document submitted for the court's consideration.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to the Defendant or counsel for the Defendant.  The Court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk of the Court or fails to include a certificate of service.

Dated this 30th day of March, 2016.


PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE